IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MALCOLM X BLAKEMORE, )
No. K59411, )
 )
      Plaintiff, )
 )
vs. ) Case No. 13-cv-01084-JPG
 )
S.A. GODINEZ, )
TY BATES, )
MARC HODGE, )
LT. JENNINGS, )
LT. BROWN, )
LT. MCCALLISTER, )
LT. DIXON, )
OFFICER SCHRER, )
OFFICER EDWARDS, )
OFFICER LOCKHART, )
ASSISTANT WARDEN TREADWAY, )
RUSSELL L. GOINS, )
MARK STORM, and )
THOMAS STUCK, )
 )
      Defendants. )

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Malcolm X Blakemore, an inmate in Hill Correctional Center, brings this action pursuant to 42 U.S.C. § 1983, based on the Illinois Department of Corrections ("IDOC") and Lawrence Correctional Center ("Lawrence") policy requiring him to either cut his dreadlocks or be disciplined and placed in segregation. Plaintiff wears his hair in dreadlocks as part of his Rastafarian religious beliefs; consequently, he alleges that the dreadlocks' policy as applied to his situation, violates the Free Exercise Clause of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons

Act ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq.* Plaintiff seeks monetary damages and injunctive relief.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se*

complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

The Complaint is lodged against IDOC Director S.A. Godinez, Deputy Director Ty Bates, Lawrence Warden Marc Hodge, and Assistant Warden Mark Storm, Assistant Warden Treadway, Adjustment Committee Chairperson Russell L. Goins, Adjustment Committee Member Thomas Stuck, Lt. Jennings, Lt. Brown, Lt. McCallister, Lt. Dixon, Officer Schrer, Officer Edwards and Officer Lockhart. According to the complaint, in October 2012 Plaintiff left Lawrence on a medical furlough. Plaintiff was reluctant to leave the facility because of a policy requiring any prisoner entering or reentering the facility to cut his dreadlocks. However, Plaintiff was assured by Lt. Ochs (who is not a defendant) that he could leave the facility and return without having to cut his hair. When Plaintiff returned from the medical furlough, he was informed that Assistant Warden Storm had ordered Plaintiff's dreadlocks cut pursuant to the policy of Deputy Director Ty Bates—Plaintiff's dreadlocks had been deemed a "security risk" (*see* Doc. 1, p. 22). Plaintiff refused to have his hair cut and was therefore sent to segregation and ultimately issued a disciplinary ticket for disobeying an order (*see* Doc. 1, pp. 22-24).

A hearing was held before Adjustment Committee members Goins and Stuck. Plaintiff explained his religious beliefs, but was told that if he did not comply the Orange Crush tactical team would forcibly cut his hair. Warden Hodge and Assistant Warden Treadway both spoke to Plaintiff about the hair policy; they reiterated that Plaintiff would receive 9-12 months in segregation, lose six months of good time credit, and his hair would be forcibly cut. Documentation attached to the complaint reflects that Plaintiff was convicted of the disciplinary charge, sentenced to three months in segregation, demoted to C grade for one month, and lost

one month of good time credit (*see* Doc. 1, p. 25). On October 24, 2012, Plaintiff cut his dreadlocks. From Plaintiff's perspective, he cut his hair due to the coercive policy (*see* Doc. 1, p. 17), but prison officials viewed the action as voluntary (*see* Doc. 1, p. 27).

Based on the allegations in the complaint, the Court finds it convenient to frame the allegations in the *pro se* complaint into a single count.

> **Count 1: The Defendants violated Plaintiff's rights under the Free Exercise Clause of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq.*, when they enforced a policy requiring that he cut his dreadlocks, resulting in Plaintiff being disciplined and coerced into cutting his hair in violation of his Rastafarian religious beliefs.**

## Discussion

Under the First Amendment, prisoners "retain the right to practice their religion to the extent that such practice is compatible with the legitimate penological demands of the state." *Al-Alamin v. Gramley,* 926 F.2d 680, 686 (7th Cir.1991). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley,* 482 U.S. 78 (1987).

The Court analyzes similar claims under the most "explicit source[s] of constitutional protection." *Graham v. Connor,* 490 U.S. 386, 395 (1989). Accordingly, Fourteenth Amendment equal protection claims that are essentially duplicative of First Amendment free exercise claims—as is the case here—are routinely dismissed. *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005) (dismissing equal protection and Eighth Amendment claims based on same circumstances as a free exercise claim because the free exercise claim "gains nothing by attracting additional constitutional labels"). Therefore, Plaintiff's Fourteenth Amendment claims against all Defendants will be dismissed.

The Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc et seq., prohibits prisons receiving federal funds from imposing a substantial burden on an inmate's religious exercise unless that burden: (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc–1(a)(1)–(2). However, "[u]nlike cases arising under the Free Exercise Clause of the First Amendment, this prohibition applies even where the burden on the prisoner 'results from a rule of general applicability.' " *Koger v. Bryan*, 523 F.3d 789, 796 (7th Cir. 2008) (quoting 42 U.S.C. § 2000cc–1(a)).

Relative to the constitutional implications of the dreadlocks policy, the Seventh Circuit has upheld the IDOC policy regarding dreadlocks under the factual scenario presented *Grayson v. Schuler*, 666 F.3d 450, 452 (7th Cir. 2012) ("The case law indicates that a ban on long hair, including dreadlocks, even when motivated by sincere religious belief, would pass constitutional muster." (citations omitted). However, the appellate court also recognized that that ruling may conflict with *O'Lone v. Shabazz,* 482 U.S. 342, 348–50 (1987), requiring prison authorities to "accommodate" an inmate's religious preferences if consistent with security and other legitimate penological concerns. *Grayson*, 666 F.3d at 452-53. Most recently, in *Lewis v. Stearnes*, 712 F.3d 1083, 1085 (7th Cir. 2013), the appellate court observed that *O'Lone v. Shabazz* remains undisturbed, and there is further tension with RLUIPA, which creates a statutory right to an accommodation. Whether the facts of this case will pan out in Plaintiff's favor remains to be seen. Consequently, the Court must conclude at this juncture that the complaint presents colorable claims under the First Amendment and RLUIPA. With that said, aspects of the complaint require further discussion.

Because sovereign immunity shields state officials from monetary damages in their official capacity, and RLUIPA does not allow for money damages against prison officials in their individual capacity, injunctive relief is the only possible remedy RLUIPA affords. *Grayson*, 666 F.3d at 451; *Nelson v. Miller,* 570 F.3d 868, 886–89 (7th Cir. 2009). The proper parties in a claim for injunctive relief include the supervisory government officials who would be responsible for ensuring injunctive relief is carried out. *Gonzalez v. Feinerman,* 663 F.3d 311, 315 (7th Cir. 2011). Plaintiff is no longer at Lawrence; however, because he is alleging an IDOC policy, it is not clear that his prayer for injunctive relief is moot. Therefore, IDOC Director Godinez, in his official capacity, is the only proper defendant. Whether Plaintiff's prayer for injunctive relief is moot remains to be seen.

Liability under Section 1983 requires a defendant's personal involvement in the alleged constitutional violation. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). The defendant must have caused or participated in the violation. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). Thus, the doctrine of *respondeat superior* is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir. 2001)). The Court further notes that merely knowing about a constitutional violation and failing to cure it is generally insufficient; only persons who cause or participate in the violations are responsible. *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir. 2005); *see also Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006), *overruled on other grounds, Hill v. Tangherlini,* 724 F.3d 965, 967 n. 1 (7th Cir. 2013). Similarly, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the [alleged constitutional] violation." *George v. Smith*, 506 F.3d 605, 609 (7th Cir. 2007).

The Statement of Claim portion of the complaint does not present any allegations regarding IDOC Director Godinez, Lt. Jennings, Lt. Brown, Lt. McCallister, Lt. Dixon, Officer Shrer, Officer Edwards or Officer Lockhart. It appears that these defendants are being sued under the *respondeat superior* doctrine (*see* Doc. 1, pp. 1-4). Out of an overabundance of caution, these defendants will be dismissed without prejudice, with the exception of IDOC Director S.A. Godinez, who shall remain as a defendant solely in his official capacity for purposes of injunctive relief relative to both the First Amendment and RLUIPA claims.

In summary, Plaintiff's claims under the First Amendment shall proceed against Defendants Ty Bates, Marc Hodge, Assistant Warden Treadway, Russell L. Goins, Assistant Warden Mark Storm and Thomas Stuck, and against Defendant Godinez, but only in his official capacity for purposes of injunctive relief. Also, the RLUIPA claim against S.A. Godinez in his official capacity shall proceed.

### Disposition

**IT IS HEREBY ORDERED** that the Clerk of Court shall have the record correctly reflect that **ASSISTANT WARDEN TREADWAY**, **ASSISTANT WARDEN MARK STORM**, **RUSSELL L. GOINS** and **THOMAS STUCK** are named defendants in this action.

**IT IS FURTHER ORDERED** that the Fourteenth Amendment equal protection claims against all Defendants are **DISMISSED** without prejudice, as they are redundant of the First Amendment free exercise claims.

**IT IS FURTHER ORDERED** that the complaint fails to state a claim upon which relief can be granted against Defendants **LT. JENNINGS**, **LT. BROWN**, **LT. MCCALLISTER**, **LT. DIXON**, **OFFICER SHRER**, **OFFICER EDWARDS** and **OFFICER LOCKHART**, who **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that the First Amendment claim against Defendant **S.A. GODINEZ** is **DISMISSED**, but **GODINEZ** shall remain a defendant in his official capacity only for purposes of injunctive relief.

**IT IS FURTHER ORDERED** that the RLUIPA claims against all defendants except S.A. Godinez are **DISMISSED**; the RLUIPA claim for injunctive relief shall proceed only against **S.A. GODINEZ** in his official capacity.

Plaintiff's claims under the First Amendment shall proceed against Defendants Ty Bates, Marc Hodge, Assistant Warden Treadway, Russell L. Goins, Assistant Warden Mark Storm and Thomas Stuck, and against Defendant Godinez in his official capacity for purposes of injunctive relief. Also, the RLUIPA claim against S.A. Godinez in his official capacity shall proceed.

The Clerk of Court shall prepare for Defendants **S.A. GODINEZ**, **TY BATES**, **MARC HODGE**, **ASSISTANT WARDEN TREADWAY**, **RUSSELL L. GOINS**, **ASSISTANT WARDEN MARK STORM**, and **THOMAS STUCK**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending

the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including Plaintiff's pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give

security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 20, 2013**

*s/ J. Phil Gilbert*
**United States District Judge**
