UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALCOLM X. BLAKEMORE,<br><br>      Plaintiff,<br><br>   v.<br><br>S.A. GODINEZ, TY BATES, MARC HODGE, LT. JENNINGS, LT. BROWN, LT. MCCALLISTER, LT. DIXON, OFFICER SCHRER, OFFICER EDWARDS, OFFICER LOCKHART, ASSISTANT WARDEN TREADWAY, RUSSELL L. GOINS, MARK STORM, and THOMAS STUCK,<br><br>      Defendant. | Case No. 13-cv-1084-JPG-DGW |

**MEMORANDUM AND ORDER**

    This matter comes before the Court on plaintiff Malcolm X. Blakemore's motion to reinstate this case (Doc. 37), which the Court dismissed without prejudice on February 20, 2014, for failure to prosecute.  He claims the dismissal was a result of his inadvertent failure to inform the Court of his new address once he was released on parole.  Now, after not communicating with the Court for nearly two years, he wishes to resume his litigation.

    The Court construes the current motion as a motion to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b).  It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.  *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)).  There are no extraordinary circumstances here.

    While some of Blakemore's delinquencies causing the Court to dismiss this case may have resulted from his inadvertent failure to apprize the Court of his address and subsequent failure to receive Court orders, the Court remedied that problem.  When Blakemore eventually provided his

correct address, the Court sent him the orders he had missed and extended the deadline for him to object to the Report and Recommendation to dismiss this case.   Nevertheless, he failed to object to the recommendation of dismissal in a timely manner.   Blakemore simply failed to litigate this case when he had an opportunity to do so, and he must live with the consequences of that failure. He has presented no good reason for reopening this case nearly two years after it was dismissed. The Court notes, as it told Blakemore in a March 27, 2014, order, that since the dismissal was without prejudice, Blakemore may commence a new lawsuit to properly bring his claims before the Court.

      For these reasons, the Court **DENIES** Blakemore's motion to vacate the judgment and reinstate this case (Doc. 37).

**IT IS SO ORDERED.**
**DATED:   February 18, 2016**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**